CHANCERY.

Case 27.

September 28.

The case stated.

### Hardin *vs* Cain *et al.*

ERROR TO THE MUHLENBURG CIRCUIT.

*Kentucky Treasury warrants. Entries. Land titles.*

JUDGE EWING delivered the Opinion of the Court.

MARK HARDIN claimed title to two hundred acres of land under a certificate issued by the commissioners under the headright law of 1798, to Stephen Tate, and a survey thereon, made in 1799, and patent issued thereon to him in 1835, as assignee of one Cates, as purchaser of said claim at the Register's sale, filed his bill against John J. Cain and John Cain, to compel them to release to him their elder legal title, claimed by virtue of a patent issued in 1830, on a survey made on a Kentucky Land Office warrant. The Circuit Court decreed John J. Cain to release, John Cain having disclaimed title, and the former has brought the case to this Court.

All entries for land which were made, & authorized by law to be made prior to the act of 1815 (Stat. Laws, 1022, Sec. 10,) "for quieting litigation," and all titles founded on surveys theretofore made, are superior to any survey made on Ky. land warrant, though the entries may be vague and though the surveys

It is provided by the 10th section of the act of 1815, (*Stat. Laws*, 1022,) "for quieting litigation," that all entries heretofore made, and all titles founded upon *surveys* heretofore made, which for the time being were authorized to be made, shall be deemed superior to surveys made upon warrants obtained by virtue of this act, notwithstanding any alleged *vagueness* in the *entries* or *certificates* on which *surveys* were founded, and notwithstanding such *surveys* may not be made *conformable* to *entry.*

This section is decisive of the controversy between the claims in contest. Hardin having established the execution of his survey as early as 1799, and identified the

land embraced by it, and shown that it was made by virtue of a certificate duly and regularly emanating from the commissioners, who were appointed by law to grant such certificates, cannot, in a contest with the defendant's claim, be driven to establish its specialty or the notoriety of the objects called for by it; his *survey*, thus executed, is paramount and superior to the claim of the defendant, and his patent thereon confers upon him a superior equity to the land in contest.

Nor can the defendant be permitted to go behind the patent and question the regularity of the assignments, whereby the complainant became invested with the legal title to Tate's claim. The patent having issued to him, it must be presumed that it was issued upon competent and sufficient evidence of a regularly derived title from the original holder. And indeed, we cannot admit that he may not assert against any adversary claimant, all the rights which the patent confers, until the same shall be annulled or the legal right is wrested from him, by some prior claimant of the inchoate title; and until that is done, the adversary claimant cannot go behind the grant and impeach it on the ground of irregularity in the assignments, or in the prior derivation of title; these are matters, *inter alios acta*, in which he can have no concern, and by which his interest is in no wise affected. It cannot detract in the slightest degree from *his title*, whether the grant has issued to one man or another.

Decree affirmed with costs.

*Morehead & Reed* for plaintiff; *Owsley* for defendant.

---

*Marginal notes:*

thereon may not conform to the entries,

Defendant in such case, not permitted to go behind the patent and contest the regularity of complainant's derivation of title, the patent is presumed to have issued upon competent evidence of title as against a holder of a treasury warrant claim.